SUMMARY ORDER
Mohammad Riaz appeals from a sentence of 24 months, entered pursuant to his plea of guilty to one count of conspiring to commit access device fraud in violation of 18 U.S.C. § 1029(a)(5) and (b)(2). The district court, in calculating the applicable Guidelines range, applied a 14 level sentencing enhancement based on its finding of a loss amount greater than $400,000. See U.S.S.G. § 2B1.1(b)(1)(H). We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on appeal.
We review a district court’s calculation of loss amount for clear error. United States v. Brennan, 395 F.3d 59, 74 (2d Cir.2005). “[A] finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (internal quotation marks omitted).
First, Riaz argues that the district court committed clear error by failing to find a specific loss amount and by failing to explain how it arrived at the loss amount it did find. We think there was no such clear error. The district court said that its loss finding was “based [in part] on the testimony of Mr. Mekawy who identified something in excess of $400,000 of fraudulent credit card charges relating to the actions of the defendant.” In light of the likelihood that, in saying that, the district court was referring to Mr. Mekawy’s testimony at the Fatico hearing that fraudulent charges totaling $413,838.02 were attributable to Riaz, and was thereby indicating that it had arrived at a loss estimate of approximately $413,000 by crediting that testimony, we are not left with the “definite and firm conviction that a mistake has been committed.” Id. In any event, the finding that the loss amount was more than $400,000 was supported by the evidence to which the court referred. We have never required that a district court find a loss amount to the penny, so long as the amount it estimates based on the record is not clearly erroneous. “The court need only make a reasonable estimate of the loss.” U.S.S.G. § 2B1.1 cmt. 3(C).
Riaz also argues that the district court committed clear error by crediting Mr. Mekawy’s testimony. We think that Riaz has not met the high threshold for finding clear error in a credibility determination. Mekawy’s testimony was “coherent and facially plausible,” not “contradicted by extrinsic evidence,” and not “internally inconsistent.” Anderson, 470 U.S. at 575, 105 S.Ct. 1504; see also Fed.R.Civ.P. 52(a)(6).
In light of the foregoing conclusions, which are a sufficient basis upon which to affirm the judgment, we need not address the government’s additional argument that the full amount of loss caused by the conspiracy is attributable to Riaz. And we *39 have considered Riaz’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.